**CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **VEECO INSTRUMENTS INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 1:17-cv-02217-PKC-JO |
| **SGL CARBON, LLC, et al.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF VEECO INSTRUMENTS INC.'S OPPOSITION
TO DEFENDANTS SGL CARBON, LLC AND SGL CARBON SE'S
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................. 1

II.     LEGAL STANDARD ............................................................................................ 3

      A.    Pleading Standard Under *Twombly* And *Iqbal*...........................................3

      B.    Pleading Requirements For Indirect Infringement Under 35 U.S.C. §§
           271(b), (c), And (f)(2)................................................................................3

      C.    Pleading Standard For Personal Jurisdiction ...........................................4

III.    ARGUMENT ......................................................................................................... 6

      A.    Veeco Pled Direct Infringement In The U.S. As Required Under 35
           U.S.C. §§ 271(b) And (c)............................................................................6

      B.    Veeco Sufficiently Pled SGL's Knowledge Of The Patents As Required
           Under §§ 271(b), (c) And (f)(2)..................................................................7

           1.    *Pre-suit Knowledge Is Not Necessary To Maintain Veeco's Claims For Indirect
               Infringement* ................................................................................ 7

           2.    *Veeco's FAC Adequately Pleads Pre-suit Knowledge Of The Asserted Patents*. 8

      C.    Veeco Sufficiently Pled SGL's Intent As Required For §§ 271(b) And
           271(f)(2).....................................................................................................11

      D.    Veeco Pled Knowledge Of The Infringing Nature Of Components For
           §§ 271(c) And 271(f)(2).............................................................................13

      E.    Veeco Has Sufficiently Pled Willful Infringement ................................15

      F.    The Court Has Personal Jurisdiction over SGL Carbon SE ...........................16

           1.    *This Court Has Specific Jurisdiction Over SGL Carbon SE Pursuant To CPLR
               302(a)(1)* ..................................................................................... 16

           (a)   For Purposes of CPLR 302, SGL Carbon, LLC Acted As Agent Of SGL Carbon
               SE In Transacting Business In NY ................................................... 16

           (b)   SGL Carbon LLC, As SGL Carbon SE's Agent, Transacted Business In NY.. 18

           (c)   Veeco's Claims Arise From Defendants' Business Transaction ........................ 19

           2.    *Specific Jurisdiction Under CPLR 302 Comports With Due Process* ............. 20

           3.    *Even If SGL Carbon SE Is Not Subject to Jurisdiction Under NY's Long-Arm
               Statute, SGL Carbon SE Is Subject To The Jurisdiction Of This Court Under
               Fed. R. Civ. P. 4(k)(2)* ................................................................... 21

           4.    *In The Alternative, Veeco Requests Jurisdictional Discovery* .......................... 23

      G.    There Is No Improper Group Pleading—The FAC Sufficiently Provides
           Fair Notice To Both SGL Carbon, LLC And SGL Carbon SE........................24

IV.     CONCLUSION ..................................................................................................... 25

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achates Reference Publ'g, Inc. v. Symantec Corp.*,
 No. 2:11cv294, 2013 WL 693955 (E.D. Tex. 2013) ...............................................7

*Allied Dynamics Corp. v. Kennametal, Inc.*,
 965 F. Supp. 2d 276 (E.D.N.Y. 2013) ...................................................................21

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)................................................................................................3

*Automated Transactions LLC v. N.Y. Cmty. Bank*,
 No. 12-cv-3070-JS, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) ...................24, 25

*Automated Transactions LLC v. New York Cmty. Bank*,
 No. 12-cv-2070-JS (E.D.N.Y. June 20, 2012), ECF No. 1 ....................................25

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)................................................................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012)...................................................................... *passim*

*BK Jewellery v. Kiran Gems Pvt. Ltd.*,
 No. 15 CV 2333 (LAP), 2015 WL 10990114 (S.D.N.Y. Nov. 13, 2015) ..............25

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
 No. 16-CV-885 (JPO), 2017 WL 74729 (S.D.N.Y. Jan. 4, 2017).........................15

*Canon U.S.A., Inc. v. F & E Trading LLC*,
 No. 2:15-cv-6015, 2017 WL 4357339 (E.D.N.Y. Sept. 29, 2017).........................24

*Carson Optical Inc. v. Ebay Inc.*,
 202 F. Supp. 3d 247 (E.D. N.Y. 2016) ...........................................................14, 15

*Celgard, LLC v. SK Innovation Co.*,
 792 F.3d 1373 (Fed. Cir. 2015).............................................................................4

*Crypto Research, LLC v. Assay Abloy, Inc.*,
 236 F. Supp. 3d 671 (E.D.N.Y. 2017) .................................................................6, 8

*CutCo Indus., Inc. v. Naughton*,
 806 F.2d 361 (2d Cir. 1986).............................................................................17, 19

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)........................................................................................20

*Ehrenfeld v. Mahfouz*,
    489 F.3d 542 (2d Cir. 2007)..................................................................5, 19, 23

*Finjan, Inc. v. Cisco Sys. Inc.*,
    No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ....................................9

*Fuji Photo Film Co. v. Jazz Photo Corp.*,
    394 F.3d 1368 (Fed. Cir. 2005)..................................................................9, 11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)........................................................................9, 10, 14

*Graphic Controls Corp. v. Utah Med. Prod., Inc.*,
    149 F.3d 1382 (Fed. Cir. 1998)......................................................................4

*Gualandi v. Adams*,
    385 F.3d 236 (2d Cir. 2004)..................................................................5, 16, 23

*H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*,
    No. 3-16-cv-00480, 2016 WL 7439355 (S.D. Cal. Dec. 21, 2016)......................................25

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
    909 F.2d 1464 (Fed. Cir. 1990)......................................................................4

*Jacobs Vehicle Sys., Inc. v. Pac. Diesel Brake Co.*,
    424 F. Supp. 2d 388 (D. Conn. 2006)..............................................................4, 13

*Kamen v. Am. Tel. & Tel. Co.*,
    791 F.2d 1006 (2d Cir. 1986)......................................................................5

*Kreutter v. McFadden Oil Corp.*,
    71 N.Y.2d 460, 467, 522 N.E.2d 40 (1988)..........................................................16

*L–7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011)........................................................................3

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013)....................................................................20, 21

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017).............................................................. *passim*

*Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*,
    264 F.3d 32 (2d Cir. 2001)....................................................................16, 17

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012)....................................................................4, 16, 22

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010).............................................................................5

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
  No. 12cv1067, 2013 WL 444642 (S.D. Cal. Feb. 5, 2013) ....................................7

*Paone v. Broadcom Corp.*,
  No. 15 CIV. 0596 BMC GRB, 2015 WL 4988279 (E.D.N.Y. Aug. 19, 2015)........6

*Pecorino v. Vutec Corp.*,
  934 F. Supp. 2d 422 (E.D.N.Y. 2012) ..................................................................15

*Pub. Adm'r of New York Cty. v. Royal Bank of Can.*,
  19 N.Y.2d 127, 224 N.E.2d 877 (1967)................................................................17

Order, *RAB Lighting Inc. v. ABB lighting, Inc.*, No. 16-cv-3026-AKH (S.D.N.Y.
  Sept. 26, 2016) .....................................................................................................25

*Raytheon Co. v. Cray, Inc.*,
  No. 2:16-CV-00423 JRG RSP, 2017 WL 1362700 (E.D. Tex. Mar. 13, 2017) .......9

*Regents of Univ. of Minn. v. AT&T Mobility LLC*,
  135 F. Supp. 3d 1000 (D. Minn. 2015).................................................................7

*Rembrandt Soc. Media, LP v. Facebook, Inc.*,
  950 F. Supp. 2d 876 (E.D. Va. 2013) ....................................................................7

*Rothschild Storage Retrieval Innovations, LLC v. Nokia, Inc.*,
  No. 1:14-CV-22657, 2015 WL 11233068 (S.D. Fla. Sept. 24, 2015) .....................7

*Sentry Protfection Prods., Inc. v. Eagle Mfg. Co.*,
  400 F.3d 910 (Fed. Cir. 2005).......................................................................10, 11

*Smart Wearable Techs. Inc. v. Fitbit, Inc.*,
  No. 3:16CV00077, 2017 WL 1314195 (W.D. Va. Apr. 6, 2017)............................7

*Sunward Elecs., Inc. v. McDonald*,
  362 F.3d 17 (2d Cir. 2004)...................................................................................19

*Symantec Corp. v. Veeam Software Corp.*,
  No. C12–00700, 2012 WL 1965832 (N.D. Cal. May 31, 2012) .............................7

*Touchcom, Inc. v. Bereskin & Parr*,
  574 F.3d 1403 (Fed. Cir. 2009).......................................................................21, 22

iv

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
   No. 10 C 715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011)......................................................7

*Twentieth Century Fox Home Entm't LLC v. Nissim Corp.*,
   No. 14-81349-CIV-KAM, 2015 WL 10857478 (S.D. Fla. Oct. 5, 2015)..................11, 12, 13

*Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*,
   No. 13-CV-7639, 2015 WL 4040882 (S.D.N.Y. July 2, 2015)............................................24

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72 (2d Cir. 2015)..................................................................................................3

*Walker Digital, LLC v. Facebook, Inc.*,
   852 F.Supp.2d 559 (D. Del. 2012)......................................................................................7

*Waymark Corp. v. Porta Sys.*,
   245 F. 3d 1364 (Fed. Cir. 2001)..........................................................................................4

*Zond, Inc. v. Fujitsu Semiconductor Ltd.*,
   990 F. Supp. 2d 50 (D. Mass. 2014) ..................................................................................7

**Statutes**

35 U.S.C. § 271 ...................................................................................................................22

35 U.S.C §§ 271(b) ...............................................................................................................1

35 U.S.C. §§ 271(b), (c), And (f)(2) .............................................................................. *passim*

35 U.S.C. §271(c) .........................................................................................................1, 3, 6

35 U.S.C. § 271(f)(2) .................................................................................................2, 4, 13

35 U.S.C. § 287(a) ......................................................................................................10, 11

**Other Authorities**

CPLR 302..............................................................................................................5, 16, 20, 22

CPLR 302(a) ..........................................................................................................................16

CPLR 302(a)(1) .........................................................................................................16, 19, 20, 21

Fed. R. Civ. P. 4(k)(1)(A) .....................................................................................................16

Fed. R. Civ. P. 4(k)(2)...............................................................................................5, 16, 22

Fed. R. Civ. P. 8(a) ...........................................................................................................3, 24

**CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

U.S. Patent No. 6,685,774................................................................................................1

U.S. Patent No. D690671................................................................................................1

vi

**CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

## I.    INTRODUCTION

SGL Carbon LLC's  ("SGL LLC") and SGL Carbon SE's ("SGL SE") (collectively "SGL") Motion to Dismiss Veeco's complaint ("Motion") should be denied in its entirety.  SGL misconstrues the pleading standards and case law, mischaracterizes and/or ignores portions of the First Amended Complaint (FAC[1]), and improperly turns to evidence outside of the FAC to attempt to support its arguments.  The detailed factual allegations set forth in the FAC set forth a plausible claim for relief, which is all that Veeco must do to prevail.

First, SGL's argument that Veeco must allege "specific instances" of direct infringement and "identify any alleged third party infringer" is incorrect as a matter of law.  At the pleading stage, Veeco need only to plead facts sufficient to allow a plausible inference that at least one direct infringer exists—*e.g.*, customers or distributors that are alleged to infringe in the U.S.  The FAC specifically alleges such facts.  Accordingly, the court should deny the motion to dismiss Veeco's indirect infringement claims under 35 U.S.C §§ 271(b) and (c) on these grounds.

Second, SGL's argument that the FAC failed to plead *any* facts establishing pre-suit knowledge is both false and irrelevant.  The FAC alleges the existence of pre-suit correspondence from Veeco to SGL as well as an in-person meeting between SGL and Veeco executives regarding the wafer carrier technology, Veeco's intellectual property, and SGL's infringing sales.  These facts create a plausible inference that SGL had knowledge of (or was

---

[1] After the July 18, 2017 hearing, Veeco amended the original complaint (Dkt. 1, the "Original Complaint") to streamline the issues before the Court based on certain representations by SGL's counsel at the hearing.  Veeco withdrew direct infringement claim with respect to the '252 Patent and all claims with respect to U.S. Patent No. 6,685,774 based on SGL's representation that SGL does not manufacture or own MOCVD reactors.  *See* Ex. 19, 5:10-20; 6:15-21(July 18, 2017 Hr'g Tr.).  SGL represented that SGL does not test its "wafer carriers in the U.S. in a [MOCVD] chamber."  *Id.* 6:8-20.  Similarly, Veeco withdrew claims with respect to U.S. Patent No. D690671 based on SGL's representation that AMEC wafer carriers have a "rectangular" recess at the bottom.  *See id.* 27:11-18; 31:24-32:8.

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

willfully blind to) Veeco's patents and SGL's infringement thereof.  And more importantly, SGL does not—and cannot—dispute that it had the requisite knowledge and intent under §§ 271(b) and (c) at least as of date of service of Veeco's Original Complaint, which is all that is required by the Federal Circuit to properly plead scienter for indirect infringement.

Third, SGL argues that Veeco has "not sufficiently plead that Defendants have the requisite intent and knowledge" for infringement of § 271(f)(2) based on SGL's supply of custom-made wafer carriers for use in AMEC MOCVD equipment.  SGL misstates the law regarding what must be pled to allege knowledge and intent under § 271(f)(2).  It strains credibility for SGL to argue that it has no knowledge of what its customers, such as AMEC, do with the custom-made wafer carriers SGL supplies.  But in any event, Veeco need not *prove* SGL's knowledge at this stage—it need only *plausibly allege* knowledge.  Veeco did precisely that in the FAC, which included both detailed allegations of infringement under § 271(f)(2) and incorporated by reference an expert infringement declaration and 57 page claim chart describing AMEC's technology and how SGL's wafer carriers are combined with that technology.

Fourth, SGL's arguments regarding personal jurisdiction over SGL SE similarly fail. SGL does not substantively address whether this Court has *specific jurisdiction* over SGL SE, and obfuscates the low standard Veeco must meet to plead personal jurisdiction at this pre-discovery stage.  Veeco's allegations in the FAC are sufficient—indeed, Veeco makes out two, independent, *prima facie* bases for this Court to exercise personal, specific jurisdiction over SGL SE.  SGL SE publicly represents that it conducts its U.S. activities through its agent and subsidiary, SGL LLC, so the exercise of personal jurisdiction in perfectly appropriate here.  At a minimum, Veeco's allegations merit jurisdictional discovery before any dismissal may occur.

Finally, SGL's improper group pleading argument is meritless.  The FAC alleges

2

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

numerous facts showing the relationship between SGL Carbon SE and SGL Carbon, LLC to demonstrate that SGL Carbon SE directs and controls, and is thus liable for the conduct of, SGL Carbon, LLC.  SGL is well aware of the claims and allegations being brought against it.  SGL cannot credibly maintain this argument, and the Court should deny the motion on these grounds.

## II.    LEGAL STANDARD

### A.    Pleading Standard Under *Twombly* And *Iqbal*

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This requires "facial plausibility," which is sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Federal Circuit applies the applicable law of the regional circuit law in analyzing purely procedural issues, such as the standards for a motions to dismiss.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).  In the Second Circuit, courts analyzing a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor.  V*ega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015) (citing *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

### B.    Pleading Requirements For Indirect Infringement Under 35 U.S.C. §§ 271(b), (c), And (f)(2)

Under § 271(b), the complaint need only plead facts plausibly showing that the inducer specifically intended for another party to directly infringe the patent, and knew that the other party's act constituted infringement.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (finding that plaintiff adequately pled induced infringement) (citing *Bill of Lading*, 681 F.3d at 1339).  But under § 271(c), no intent is necessary—a complainant need only

allege facts plausibly showing that the defendant, with knowledge of a patent, sells a component knowing that the component is especially made or adapted for use in infringing that patent. *Id.*, 869 F.3d at 1381 ("contributory infringement requires 'only proof of a defendant's knowledge, not intent, that his activity cause[s] infringement.'") (citing *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990)) (emphasis omitted).

Under §271(f)(2), a plaintiff must plead both knowledge that the component is especially made or especially adapted for use in infringing a patent, and intent that the component will be combined outside of the U.S. in a manner that would infringe the patent if that combination occurred within the U.S. *See Waymark Corp. v. Porta Sys.*, 245 F. 3d 1364, 1368 (Fed. Cir. 2001); *Jacobs Vehicle Sys., Inc. v. Pac. Diesel Brake Co.*, 424 F. Supp. 2d 388, 395 (D. Conn. 2006) (§ 271(f)(2) infringement can be found when the defendant continues to supply the infringing component after the patentee communicates its concerns about the infringement). The plaintiff need not plead an actual combination outside the U.S. *Waymark*, 245 F.3d at 1368.

### C.   Pleading Standard For Personal Jurisdiction

The bar for jurisdictional allegations is even lower: a general allegation of personal jurisdiction suffices. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1296 (Fed. Cir. 2012). If the Court considers evidence beyond the pleadings, the standard is whether plaintiff makes a *prima facie* showing notwithstanding any contrary presentation by the opposing party. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

Federal courts have specific jurisdiction over foreign entities where (1) permitted by the long arm statute of the state in which the court sits and (2) it comports with federal due process.[2]

---

[2] Federal Circuit law governs the analysis of jurisdiction in patent cases, but the Court defers to the law of the Circuit as to interpretation of state long-arm statutes. *Graphic Controls Corp. v. Utah Med. Prod., Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998).

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

*Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).  NY's long arm statute permits jurisdiction over a non-domiciliary that "in person or through an agent" (1) transacts business in NY, or (2) commits a tortious act outside NY injuring a person in NY if (a) it derives substantial revenue from goods used in NY or (b) should reasonably expect the act to have consequences in NY and derives substantial revenue from international commerce. CPLR 302.  Specific jurisdiction comports with due process if (1) the defendant purposefully directed activities at residents of the forum; (2) the claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair.  *Nuance*, 626 F.3d at 1231.  Where no individual state has jurisdiction, the defendant's contacts with the United States may give rise to personal jurisdiction in any state.  Fed. R. Civ. P. 4(k)(2).

Second Circuit case law controls the grant of jurisdictional discovery, *Nuance*, 626 F.3d at 1231, and the Second Circuit requires only "legally sufficient allegations of jurisdiction" to survive pre-discovery motion to dismiss, with further discovery subject to the district court's discretion.  *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007), *certified question accepted*, 9 N.Y.3d 838, 872 N.E.2d 866 (2007), *and certified question answered*, 9 N.Y.3d 501, 881 N.E.2d 830 (2007) (noting that reading Second Circuit case law "as forbidding jurisdictional discovery any time a plaintiff does not make a *prima facie* showing of jurisdiction . . . would indeed be legal error").  District courts "generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party."  *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

III.   **ARGUMENT**

    A.   **Veeco Pled Direct Infringement In The U.S. As Required Under 35 U.S.C. §§ 271(b) And (c)**

SGL incorrectly contends that the FAC fails to allege evidence of direct infringement by a third party in the United States under 35 U.S.C. §§ 271(b) and (c).  Motion at 7.  Contrary to SGL's assertions, Veeco is not required to plead *specific* instances of direct infringement or to identify specific individual infringers.  *Bill of Lading*, 681 F.3d at 1336 ("To state a claim for indirect infringement, therefore, a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."); *Lifetime Indus.*, 869 F.3d at 1379-80.  At the pleading stage, it is sufficient to generally allege direct infringement by a class of infringers, such as the defendant's customers.  *Crypto Research, LLC v. Assay Abloy, Inc.*, 236 F. Supp. 3d 671, 686-87 (E.D.N.Y. 2017) ("while the complaint does not specify instances of direct infringement, it adequately alleges infringing activity by the defendants' 'end user'"); *see also Paone v. Broadcom Corp.*, No. 15 CIV. 0596 BMC GRB, 2015 WL 4988279, at *13 (E.D.N.Y. Aug. 19, 2015).

That is precisely what Veeco did here.  For example, the FAC alleges that "SGL induces and continues to induce its U.S. customers and/or third party testing entities to directly infringe" and that "SGL specifically encourages and instructs its customers to use and test the Infringing Products in the United States . . ."  FAC ¶ 61; s*ee also e.g.*, FAC ¶ 62 (alleging that SGL induces its U.S. retailers and/or distributors by encouraging them to sell and/or offer for sale the Infringing Products in the U.S.); FAC ¶¶ 14, 33, 49-56.

SGL's allegation that Veeco has not alleged predicate direct infringement in the U.S. has no merit.  Accepting all of these factual allegations as true and drawing all reasonable inferences in favor of Veeco, it is plausible that SGL induces at least one of its customers to infringe in the

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

U.S. and/or contributes to at least one of its customers' infringing activities in the U.S. *Bill of Lading*, 681 F.3d at 1341-42; *Lifetime Indus.*, 869 F.3d at 1380.

**B.    Veeco Sufficiently Pled SGL's Knowledge Of The Patents As Required Under §§ 271(b), (c) And (f)(2)**

1.    *Pre-suit Knowledge Is Not Necessary To Maintain Veeco's Claims For Indirect Infringement*

Contrary to SGL's contention, pleading pre-suit knowledge is not necessary—SGL's arguments go instead to a potential limitation on pre-suit damages, which is improper at the pleading stage.

While the Eastern District of New York has not ruled on this issue, the vast majority of district courts routinely find allegations of knowledge communicated through the filing of the complaint sufficient for an indirect infringement claim to survive a motion to dismiss. *See, e.g.*, *Rembrandt Soc. Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 881 (E.D. Va. 2013) ("a majority of district courts considering this issue have held that post-suit knowledge (*i.e.*, knowledge provided by the filing of the lawsuit) satisfies the knowledge element for indirect infringement.")[3] This makes sense—the seminal Federal Circuit case on pleading indirect infringement, *In re Bill of Lading*, involved a situation where the defendant was allegedly provided knowledge of the patent through service of the complaint. The Federal Circuit found that the district court erred in dismissing the indirect infringement claims. *See* 681 F.3d at 1345-

---

[3] *See also Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 58-59 (D. Mass. 2014); *Smart Wearable Techs. Inc. v. Fitbit, Inc.*, No. 3:16CV00077, 2017 WL 1314195, at *3 (W.D. Va. Apr. 6, 2017); *Regents of Univ. of Minn. v. AT&T Mobility LLC*, 135 F. Supp. 3d 1000, 1012 (D. Minn. 2015); *Rothschild Storage Retrieval Innovations, LLC v. Nokia, Inc.*, No. 1:14-CV-22657, 2015 WL 11233068, at *2 (S.D. Fla. Sept. 24, 2015); *Walker Digital, LLC v. Facebook, Inc.*, 852 F.Supp.2d 559, 565 (D. Del. 2012); *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11cv294, 2013 WL 693955, at *2 (E.D. Tex. 2013); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011); *Symantec Corp. v. Veeam Software Corp.*, No. C12–00700, 2012 WL 1965832, at *4 (N.D. Cal. May 31, 2012); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12cv1067, 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013).

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

46 ("When properly viewed, the [] Complaint states a claim for induced infringement that is certainly plausible on its face.").

SGL does not argue that it lacks post-suit knowledge of the patents.  As such, even if the Court were to find that Veeco did not adequately plead pre-suit knowledge by SGL, Veeco's indirect infringement claims should not be dismissed.  SGL is effectively attempting to obtain a summary judgment motion or motion in limine ruling to limit the damages period.  Yet the appropriate time to analyze damages is at least after discovery, if not after trial—not now, at the motion to dismiss stage.  Accordingly, the court should deny SGL's motion on this ground alone.

   2.   *Veeco's FAC Adequately Pleads Pre-suit Knowledge Of The Asserted Patents*

In any event, Veeco's FAC *does* sufficiently plead that SGL was aware of the Asserted Patents prior to the service of the complaint in April 2017.  At the pleading stage, Veeco is only required to allege "enough facts to raise a reasonable expectation that discovery will reveal that the defendant is liable for the misconduct alleged." *Lifetime Indus.*, 869 F.3d at 1380.  Alleging facts to show knowledge, such as alleging that plaintiff provided the accused infringer with notice of the patent and the conduct that is alleged to infringe the patent, is sufficient to defeat a motion to dismiss. *Bill of Lading*, 681 F.3d at 1341-42.  And informing the accused infringer of the possible infringement constitutes notice that satisfies the knowledge requirement. *See Crypto Research*, 236 F. Supp. 3d at 687.

The FAC pleads sufficient facts to support an inference that SGL knew about Veeco's intellectual property at least as early as January 2017, when executives from Veeco and SGL met ***in person*** to discuss Veeco's concerns regarding its Intellectual Property and SGL's infringing wafer carriers.  FAC ¶ 38.   The FAC also alleges that Veeco informed SGL by letter in March 2017 that SGL was infringing Veeco's patents by selling infringing wafer carriers.  FAC ¶ 35, 40.

8

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

These allegations are sufficient for an inference to be made that SGL knew of Veeco's patent protections. *See Lifetime Indus.,* 869 F.3d at 1380; *see also Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377–78 (Fed. Cir. 2005) (failed licensing discussions may show accused infringer's knowledge of the patents-in-suit).

SGL's argument that Veeco merely alleges SGL's familiarity with Veeco's patent portfolio is misguided. Veeco and SGL's January 2017 discussion involved specific "technological aspects of [the] wafer carriers" that are protected by Veeco's patents, FAC ¶ 38, not mere one-sided general communications relating to the patent portfolio. Additionally, courts have found that pleading communication of information concerning a patent portfolio directed to a line of products *is* sufficient to survive a motion to dismiss. *Compare Raytheon Co. v. Cray, Inc.*, No. 2:16-CV-00423 JRG RSP, 2017 WL 1362700, at *4 (E.D. Tex. Mar. 13, 2017) *with Finjan, Inc. v. Cisco Sys. Inc.,* No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017). At the very least—and as pled in the FAC—these facts give rise to the plausible inference that SGL was willfully blind of Veeco's patent rights. Knowledge may also be proven through a showing of willful blindness. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770-71 (2011). In *Global-Tech*, the defendant was found to be willfully blind to patent infringement, where after conducting market research in the U.S., copied an unmarked overseas model of a deep-fryer patented and sold by its competitor in the U.S., and then began selling the copied product in the U.S. *Id.* Here, Veeco similarly alleges that SGL, as Veeco's supplier of wafer carriers and a limited licensee of Veeco's wafer carrier technology, knew these wafer carriers were patented. FAC ¶¶ 6, 27-29. Veeco also alleges that SGL, with this knowledge, nonetheless manufactured wafer carriers for AMEC utilizing Veeco's patented technology, and continues to do so, while at the very least deliberately failing to investigate which Veeco patents

9

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

covered the wafer carriers.  *See, e.g.*, FAC ¶¶ 35-42. 60, 65, 69.  The Court should not give SGL

a pass.  Even if SGL's claim that it lacked actual pre-suit knowledge of the patent were true, this

lack of actual knowledge would result from a deliberate attempt to avoid investigating

infringement, despite being informed by Veeco that that the technology was covered by Veeco's

patents.  *Global-Tech*, 563 U.S. at 770-71.

Finally, the FAC properly alleged SGL's knowledge of the patent based on Veeco's

marking on its website.  SGL's argument that Veeco does not adequately plead compliance with

the marking statute, 35 U.S.C. § 287(a), is of no moment to the question before the Court.  SGL

conflates the patentee's *notice* requirement under § 287(a) with the infringer's *knowledge* of the

patents requirement for indirect and willful infringement claims.  Here, Veeco alleges that

"SGL's infringement has been willful and with full knowledge" of the Asserted Patents", FAC ¶

44, 69, and further states that "A list of Veeco's patents is available on the Internet, accessible to

the public without charge, at http://www.veeco.com/patents..." FAC ¶ 41.  These and other facts

alleged in the FAC give rise to the plausible inference that SGL had actual knowledge and/or

was willfully blind to the existence of Veeco's patents prior to the filing of the Original

Complaint.  Whether Veeco marked its products to satisfy constructive notice under § 287(a) is a

completely separate legal inquiry, and relates solely to the strict standards that a patentee must

meet in order to obtain pre-suit damages absent *actual notice* to the infringer.  *Sentry Protection*

*Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) (detailed allegations of

marking requirement at the pleading stage are not required to plead willful infringement).  The

Court should thus reject SGL's attempts to conflate knowledge under indirect and willful

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

infringement with notice under the marking requirement of § 287(a).[4]  Accordingly, the Court

should find that SGL's motion to dismiss Veeco's indirect infringement claims related to pre-suit

knowledge of the patents should be denied.

### C.     Veeco Sufficiently Pled SGL's Intent As Required For §§ 271(b) And 271(f)(2)

At the pleading stage, intent to induce infringement and/or combine components in an

infringing manner can be inferred from alleging defendant had knowledge of the patent and the

allegedly infringing activity, and that defendant continued to engage in the allegedly infringing

activity.  *Bill of Lading*, 681 F.3d at 1341-42) ("[A]dvertising that your product can be used in

conjunction with [the accused technology] gives rise to a reasonable inference that you intend to

induce your customers to accomplish these benefits through utilization of the patented method.

This is sufficient to push the complaint past the line 'between possibility and plausibility.'");

*Lifetime Indus.*, 869 F.3d at 1380 (finding that a plaintiff adequately pleads intent if it "alleged

knowledge of the patent and had plausibly pleaded that the defendants' customers performed the

claimed method") (citing *Bill of Lading*, 681 F.3d at 1341-42); *see also Fuji Photo*, 394 F.3d at

1377-78.  Under § 271(f), "alleging that [the accused infringer] supplied components from the

United States, intending those components to be used in an infringing manner" is sufficient at the

pleading stage to state a claim.  *Twentieth Century Fox Home Entm't LLC v. Nissim Corp.,* No.

14-81349-CIV-KAM, 2015 WL 10857478, at *3 (S.D. Fla. Oct. 5, 2015).

Here, the FAC alleges numerous facts supporting a finding of intent to cause indirect

infringement under §§ 271(b) and (f)(2).  The FAC alleges that SGL manufactures and advertises

for sale infringing products in the United States.  FAC ¶ 14 ("Upon information and belief, SGL

---

[4] In any event, Veeco alleged that it satisfies § 287(a), FAC ¶ 41; this is sufficient under the case law to survive a motion to dismiss, as specific facts do not have to be alleged to plead marking. *Sentry Protection Prods.*, 400 F.3d at 918.

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

advertises for sale the Infringing Products in this district through its publicly available websites, which are available to and accessible by customers in this judicial district"); FAC ¶ 33 ("SGL's advertising materials describe specific features of the Infringing Products that are covered by Veeco's patented technology"); *see also* FAC ¶ 11.

The FAC additionally alleges facts giving rise to the plausible claim that SGL is aware of and intends that the Accused Products are used in infringing MOCVD applications. *See, e.g.* FAC ¶ 49-51. The FAC also incorporates by reference the Declaration of Dr. Alexander Glew in support of Veeco's motion for a preliminary injunction, which includes both Dr. Glew's infringement declaration as well as his 57-page infringement claim chart detailing the functionality of the Accused Products in AMEC's MOCVD reactors. FAC ¶ 53. The FAC also alleges that SGL admits to selling Accused Products that are custom-made to AMEC's specifications and have no substantial non-infringing uses. FAC ¶ 56 ("[T]he only substantial use for the Infringing Products is in an AMEC MOCVD reactor which would infringe if the combination of the Infringing Products with the AMEC MOCVD reactor occurred in the United States. SGL admits that each wafer carrier it sells is 'custom made exactly based on the specification, designs, and/or drawings of each customer' and thus [has] no other use.").

Veeco sufficiently pled that Veeco notified SGL that manufacturing the wafer carriers for sale to AMEC or AMEC's customers would infringe Veeco's patents, FAC ¶¶ 37-42, 56, 72-77, that SGL continues to induce its U.S. customers, distributors, and/or retailers to infringe in the U.S., FAC ¶¶ 11, 14, 61, 85, and that SGL continues to supply components for combination with infringing systems outside the U.S., FAC ¶¶ 79, 83. This satisfies the pleading standard for the intent requirements of §§ 271(b) and (f)(2). *Twentieth Century Fox,* 2015 WL 10857478, at *3.

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

While SGL claims that the FAC failed to allege SGL's intent to have AMEC combine the Accused Products in an infringing manner under § 271(f)(2), these arguments lack merit.  First, SGL states that Veeco "does not specifically allege that Defendants intend for wafer carriers to be combined with a rotatable spindle in a CVD reactor."  Motion at 15.  Not so.  Veeco specifically pled that the Accused Products are custom-made for infringing uses in an AMEC MOCVD reactor with a rotatable spindle, and that SGL intended that the Accused Products would be combined and used in that manner abroad.  *See, e.g.*, FAC ¶¶ 70, 72.  SGL also states that "Veeco does not specifically allege that Defendants have actually provided any third parties with instructions on how to use or combine the wafer carriers in MOCVD reactors."  Motion at 15.  This too is false.  Veeco specifically pled that SGL advertised and instructed its customers to use and test the Accused Products in the U.S., FAC ¶ 61, and that SGL advertised infringing uses and patented features to its customers, FAC ¶¶ 32-33.  The court should reject SGL's arguments and deny SGL's Motion on these grounds as well.

### D.     Veeco Pled Knowledge Of The Infringing Nature Of Components For §§ 271(c) And 271(f)(2)

In the FAC, Veeco specifically pled facts giving rise to a plausible claim that SGL had knowledge that its Accused Products were especially made or adapted for the infringement of the Asserted Patents.  Alleging such facts is sufficient to defeat a motion to dismiss §§ 271(b) and (f)(2) claims.  *Lifetime Indus.,* 869 F.3d at 1380; *Jacobs Vehicle*, 424 F. Supp. 2d at 395; *Twentieth Century Fox*, 2015 WL 10857478, at *3.

As alleged in the FAC, SGL had knowledge that the wafer carriers are especially made or adapted for use to infringe Veeco's patents at least as early as April 13, 2017, when Veeco served its Original Complaint on SGL.  *See* FAC ¶¶ 39, 54.  The FAC further alleges that Veeco informed SGL as early as January 2017 that SGL's wafer carriers were being used with AMEC's

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

reactors to infringe.  FAC ¶ 35; ¶ 38.  The FAC further alleges—and SGL has admitted—that the

Accused Products are custom-made to AMEC's exact specifications for use in AMEC's

MOCVD reactors.  FAC ¶¶ 35, 56 (citing D.I. No. 12 at 1).  And the FAC includes not just

Veeco's infringement theories, but also incorporates by reference Dr. Glew's Infringement

Declaration and detailed 57-page infringement claim chart, demonstrating the functionality of

SGL's wafer carriers and how they are combined with AMEC's reactors.  FAC ¶ 53.  Thus,

Veeco has alleged facts showing that it informed SGL of how its wafer carriers are being used

and the components the wafer carriers are being combined with—including that SGL's wafer

carriers are adapted for insertion of an upper end of a spindle in AMEC's MOCVD reactors in a

manner that would infringe the Asserted Patents.

At a minimum, Veeco has sufficiently pled that SGL is willfully blind to the

infringement, which is sufficient to establish knowledge under the case law.  *See Global-Tech*,

563 U.S. at 770; *Carson Optical Inc. v. Ebay Inc.*, 202 F. Supp. 3d 247, 256-57 (E.D. N.Y.

2016).  Veeco alleges that SGL was given notice of the patents and infringement, *see, e.g.*, FAC

¶¶ 37-42, alleges that SGL continues to export components for combination in an infringing

manner, FAC ¶¶ 54-59, 78-83, and alleges that SGL continues to sell and supply components of

a patented combination in and from the U.S., *see, e.g.* FAC ¶¶ 60, 84.

SGL argues that it is somehow "facially implausible" that SGL knows what its customers

do with the products SGL custom makes for them.  Motion at 14.  SGL's arguments are not

credible.  Veeco pled in its FAC that SGL describes uses for its wafer carriers in its publicly

available advertising materials, including uses that infringe Veeco's patents.  FAC ¶¶ 32-33.  The

FAC also pleads that the Accused Products are manufactured by SGL to its customers'

(including AMEC's) specifications, and that SGL has knowledge of the applications in which

14

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

those products are used.  *See, e.g.*, FAC ¶¶ 49, 74.  It strains credibility for SGL to argue that it

does not know what its customers, such as AMEC, do with the custom-made wafer carriers SGL

supplies.  But in any event, Veeco need not *prove* SGL's knowledge at this stage—it need only

*plausibly allege* knowledge.  Veeco has done just that.  Accordingly, the court should find that

Veeco has pled SGL's requisite knowledge and should deny SGL's motion to dismiss.

### E.    Veeco Has Sufficiently Pled Willful Infringement

 SGL's contention that Veeco fails to plead willful infringement is also unavailing.

Pleading willful infringement requires only allegations that the defendant was provided with

notice of infringement, and that the defendant continued its infringing conduct despite this notice.

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), 2017 WL 74729,

at *6 (S.D.N.Y. Jan. 4, 2017) (allegations that the plaintiff sent descriptions of the alleged

infringement and the defendant continued to engage in the allegedly infringing activities

"plausibly suggest that [defendant's] actions were subjectively willful."); *Carson Optical*, 202 F.

Supp. 3d at 256-57; *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 449-50 (E.D.N.Y. 2012)).

Here, Veeco alleges that it communicated its concerns regarding SGL's infringing

activities in person in January 2017, by correspondence in March 2017, and further when it

served the Original Complaint.  FAC ¶¶ 37-42.  Veeco also alleges that SGL has continued with

its infringing activities despite SGL's verbal agreement to respect Veeco's intellectual property.

*Id.,* at ¶¶ 38, 60, 65, 69.  Furthermore, SGL's continued infringement after service of the Original

Complaint and the FAC is grounds for sustaining Veeco's claims of willful infringement at this

time.  These allegations are sufficient to plausibly suggest that SGL had actual knowledge of the

Asserted Patents and that SGL's infringing conduct both pre-suit and post-complaint is willful.

For these reason and the reasons set forth above with respect to knowledge under §§ 271(b), (c),

and (f)(2), the Court should deny SGL's Motion to Dismiss Veeco's willful infringement claim.

15

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

### F.    The Court Has Personal Jurisdiction over SGL Carbon SE

At the pleading stage, general allegations of jurisdiction suffice, *Merial*, 681 F.3d at

1296, and Veeco more than satisfied this requirement, FAC ¶¶ 10, 12-15:  Veeco alleged "SGL

Carbon SE directs and controls . . . SGL Carbon, LLC," FAC ¶ 10, and that Defendants,

including SGL SE, consented to personal jurisdiction in this Court; regularly conduct business

throughout the US, including this district; and are present in the district.  FAC ¶¶ 13-15.  This

more than suffices.  *See Merial*, 681 F.3d at 1296.

Beyond the pleadings, the available evidence demonstrates a *prima facie* case for specific

jurisdiction over SGL SE under *either*:  Fed. R. Civ. P. 4(k)(1)(A) via CPLR 302(a)(1); or Fed.

R. Civ. P. 4(k)(2).  In ruling on personal jurisdiction, the Court is not bound by any particular

jurisdictional theory set forth in the FAC.  *Merial Ltd.*, 681 F.3d at 1296.  Regardless, to the

extent the Court has questions regarding personal jurisdiction over SGL SE, Veeco should have

the opportunity to conduct jurisdictional discovery.  *Gualandi*, 385 F.3d at 244.

> 1.    *This Court Has Specific Jurisdiction Over SGL Carbon SE Pursuant To CPLR 302(a)(1)*
>
> > (a)    For Purposes of CPLR 302, SGL Carbon, LLC Acted As Agent Of SGL Carbon SE In Transacting Business In NY

Provided service is effective,[5]  this Court's exercise of specific, *in personam* jurisdiction

is derived from NY's long-arm statute, CPLR 302.  Fed. R. Civ. P. 4(k)(1)(A).  Under CPLR

302(a), the actions of an agent give rise to jurisdiction over its principal where the agent engages

in purposeful activities in New York for the benefit of and with the knowledge and consent of its

principal, and the principal exercises some control over the agent in the matter.  *Mario Valente*

*Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 36 (2d Cir. 2001) (quoting

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 522 N.E.2d 40 (1988)).  Joint control is

---

[5] Defendants do not contest service on SGL SE.

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

sufficient.  *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986), and no formal

agency relationship is required.  *Mario Valente*, 264 F.3d at 36.  Veeco pled such agency.  FAC

¶¶ 6, 10, 13-15, 27-29.

Evidence confirms that SGL LLC acted as SGL SE's agent in transacting business in NY.

SGL SE expressly holds out SGL LLC as its agent in the Americas: "This website has been

developed by **SGL CARBON SE (hereinafter to be referred to as SGL Group)** and is

administered by the same . . . **In the USA the business of the SGL Group is conducted by**

**SGL Carbon LLC**."  Ex.[6] 1 at 1-2 (emphasis added).  As Defendants' declarant Mr. Henseler

points out, SGL SE directs wafer carrier-related inquiries in the Americas to SGL LLC.  Decl. of

Christoph Henseler in Supp. of Defs' Mot. to Dismiss ( "Henseler Decl."), ¶ 7.  SGL SE's public

materials demonstrate SGL SE's high degree of control over its subsidiaries, including SGL

LLC.  *E.g.*, Ex. 3 at 28 ("SGL Carbon SE and SGL Group are managed by the Board of

Management. . . . Its tasks include . . . **managing and monitoring operating activities**."), and at

106-12 (consolidated financial statements) (emphasis added).  This is sufficient to establish SGL

LLC acts as SGL SE's agent in manufacturing wafer carriers.  *Cf. Pub. Adm'r of New York Cty.*

*v. Royal Bank of Can.*, 19 N.Y.2d 127, 132, 224 N.E.2d 877, 879 (1967) (finding sufficient for

general personal jurisdiction a statement that French branch was established "to conduct the

business of the Bank in Paris.").

Defendants' litigation conduct further evidences SGL SE's control over SGL LLC,

including SGL SE's knowledge and consent to SGL LLC's execution and performance of the

contracts between Veeco and SGL LLC ("Agreement"):  Defendants share the same counsel in

this proceeding.  During the PI briefing, SGL LLC produced as its sole fact witness ███████

---

[6] All exhibit references are to the Rizzolo Decl., dated Oct. 30, 2017, unless otherwise indicated.

**CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

SGL SE employee (current SGL Carbon GmbH[7] employee), Mr. Henseler, who also submitted a declaration for the present motion.  Henseler Decl. ¶ 1.  Although he has never worked for SGL LLC, █████████████████████████████████████████████████████████████████ ████████████████████ ("Henseler Tr.") (emphasis added).  ██████████████████████████ ████████████████████████████████████████████.  This demonstrates that SGL LLC's production of wafer carriers, including execution and performance of the Agreement, are controlled to some degree by other SGL entities.

The Agreement demonstrates an intent to bind more than just SGL LLC.  ███████████████ ███████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ SGL LLC has no facilities in Shanghai.  Ex. 2.  SGL LLC claims the parties' █████████ are part of the Agreement.█ ██████████████████████████████████████████████████████████████████████ Ex. 13 at 4.  ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████   Exs., 5 at 1; 7 at 1; 10 at 3; 11 at 3; 12 at 3; 14 at 4.  When served with process for SGL SE, Mr. Carlton was asked for his title at SGL SE.  Aff. of Serv. at *1, ECF No. 14.  He stated "managing agent will do," and that he was authorized to receive service on SGL SE.  *Id.*  Mr. Carlton, ██████████████████████████████████████ hold themselves out as SGL Group employees on LinkedIn.  Exs. 15, 16.  Their employment histories demonstrate that, to advance at SGL LLC, each had to work for another SGL entity in Germany.  Ex. 15 at 2 (5 years in Germany); 16 at 2 (2 years).  This further demonstrates SGL SE's control of SGL LLC.

(b)      SGL Carbon LLC, As SGL Carbon SE's Agent, Transacted

---

[7] SGL Carbon GmbH ("SGL GmbH") is an SGL SE subsidiary, but bears no parent/subsidiary relation to SGL LLC.

**CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

Business In NY

The Court has specific jurisdiction over SGL SE pursuant to CPLR 302(a)(1):  SGL SE

purposefully transacted business in NY through its agent, SGL LLC.  *See Mahfouz*, 489 F.3d at

548 (describing transacting business in NY as "invoking the benefits and protections of its

laws").  Whether a defendant transacts business in NY depends upon a totality of the

circumstances; courts consider the following factors:

> (i) whether the defendant has an on-going contractual relationship with a
> New York corporation; (ii) whether the contract was negotiated or executed in
> New York and whether, after executing a contract with a New York business, the
> defendant has visited New York for the purpose of meeting with parties to the
> contract regarding the relationship; (iii) what the choice-of-law clause is in any
> such contract; and (iv) whether the contract requires franchisees to send notices
> and payments into the forum state or subjects them to supervision by the
> corporation in the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22-23 (2d Cir. 2004).  No one factor is

dispositive and other factors may be considered.  *Id.*

Thus the evidence indicates that SGL LLC transacted business in NY as SGL SE's agent.  *See*

*CutCo*, 806 F.2d at 367-68 ████████████████████████████████████

*Mahfouz*, 489 F.3d at 548.

        (c)     Veeco's Claims Arise From Defendants' Business Transaction

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

Veeco's cause of action must "arise from" SGL SE's conduct, CPLR 302, which is satisfied by "a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168-69 (2d Cir. 2013) (internal quotations omitted).

For CPLR 302(a)(1), Veeco's claims arise from SGL SE's conduct: Veeco ████ ████████████████████████████████████████████████████ to infringe Veeco's patents, Defendants misused ████████████████████████████████████ SGL SE's knowledge of the infringing nature of the AMEC wafer carriers, an element of §§ 271(c), (f)(2), arises from its agent's NY conduct: ██████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████ *See* §§ III(C), (D), *supra*. The same facts go to SGL LLC's intent: SGL LLC knows that Veeco-patented wafer carriers have no substantial non-infringing uses ████████████████████████. *Id.*; *see* § 271(b), (f)(2). SGL SE knew what its agent learned in the performance of the Agreement: its managing agent ██████████████ ████████████, and SGL Group employees other than SGL LLC met with Veeco in NY ████████ ██████████. § III(F)(1)(a); Rizzolo Decl. ¶ 3. Separately, Veeco's claim for damages ████ ████████████████████████████████████████████████████████████ ████ Combined with evidence that SGL LLC acted as SGL SE's agent in transacting business in NY, *see* §§ III(F)(2),(3), *supra*, this evidence shows a *prima facie* case of specific jurisdiction under CPLR 302(a)(1). *See, e.g.*, *Licci*, 732 F.3d at 168-69.

2.    *Specific Jurisdiction Under CPLR 302 Comports With Due Process*

Specific jurisdiction arising from a single act of an agent may comport with due process. *Daimler AG v. Bauman*, 134 S. Ct. 746, 759 n.13 (2014). The evidence above satisfies

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

constitutional due process in this case, and therefore Veeco has made a *prima facie* case of

jurisdiction. *See Licci*, 732 F.3d at 170 (noting that where CPLR 302(a)(1) was satisfied,

although "personal jurisdiction . . . may theoretically be prohibited under due process analysis,

we would expect such cases to be rare").  SGL SE purposefully directed activities at residents of

NY through its agent, SGL LLC, █████████████████████ and Veeco's claims

arise out of or relate to those activities.  *See* § III(F)(1), *supra.*  To evaluate whether the exercise

of jurisdiction is reasonable, courts consider:

> (1) the burden on the defendant, (2) the forum's interest in adjudicating the
> dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4)
> the interstate judicial system's interest in obtaining the most efficient resolution of
> controversies, and (5) the shared interest of the states in furthering fundamental
> substantive policies.

*Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1417 (Fed. Cir. 2009) (internal quotation

marks and citations omitted).  Specific jurisdiction is reasonable and fair here: Although SGL SE

is a European entity, ████████████████████████████████

█████████████ and it shares legal counsel with its agent.  ██████████████

███████████████████  Both Defendants' only fact witness to date

(Henseler) is a former SGL SE employee based in Europe, and this further shows the

reasonableness of exercising jurisdiction over SGL SE.  And "progress in communications and

transportation has made the defense of a lawsuit in a foreign tribunal less burdensome."  *Id.*  The

other reasonableness considerations support the exercise of jurisdiction over SGL SE: NY has an

interest in protecting its resident (Veeco); Veeco has an interest in litigating in the state of its

principal office; and exercising jurisdiction over SGL SE would efficiently resolve claims

against SGL LLC and SGL SE in a single proceeding.  *See id.*; *Allied Dynamics Corp. v.

Kennametal, Inc.*, 965 F. Supp. 2d 276, 297-98 (E.D.N.Y. 2013).

       3.    *Even If SGL Carbon SE Is Not Subject to Jurisdiction Under NY's Long-*

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

*Arm Statute, SGL Carbon SE Is Subject To The Jurisdiction Of This Court Under Fed. R. Civ. P. 4(k)(2)*

In the alternative, if SGL SE is not subject to personal jurisdiction based on the NY long-arm statute, then it is subject to this Court's jurisdiction under Fed. R. Civ. P. 4(k)(2). "Rule 4(k)(2) was adopted to provide a forum for federal claims in situations where a foreign defendant lacks substantial contacts with any single state but has sufficient contacts with the United States as a whole to satisfy due process standards and justify the application of federal law." *Merial*, 681 F.3d at 1293-94. Jurisdiction is proper where: (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies due process requirements. *Id.* Veeco's claim arises under federal law. *See* 35 U.S.C. § 271. If this Court finds it lacks jurisdiction under CPLR 302, then SGL SE is not subject to personal jurisdiction in the courts of any state. *See Merial*, 681 F.3d at 1294 (applying burden shifting mechanism where defendant contends it cannot be sued in the forum state and refuses to identify another where suit is possible).

The exercise of jurisdiction under Rule 4(k)(2) comports with due process where the defendant's contacts with the nation as a whole satisfy due process. *Touchcom*, 574 F.3d at 1416. SGL SE purposefully directed activities at the U.S.: SGL SE holds out SGL LLC as its agent in the U.S. ███████████████████, *see* § III(F)(1),(2), *supra*, SGL SE has a managing agent in the U.S. (Carlton), Aff. of Serv. at *1, ECF No. 14, and SGL SE is recognizing as its own the revenue from wafer carriers manufactured by SGL LLC, including those manufactured for AMEC, Ex. 3 at 106-112. Veeco's claims arise out of those activities: SGL LLC, as SGL SE's agent, is infringing Veeco's patents in the U.S. Finally, exercising jurisdiction comports with fair play and substantial justice for all the reasons described in § III(F)(2), *supra*. Furthermore, exercising jurisdiction would advance the shared interest of the

22

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

states in furthering a fundamental substantive policy: preventing U.S. patent infringement.  Thus

Veeco has shown two, independent, *prima facie* bases for specific jurisdiction over SGL SE.

4.     *In The Alternative, Veeco Requests Jurisdictional Discovery*

The Court should not dismiss SGL SE without affording Veeco the opportunity to

conduct jurisdictional discovery, as Veeco made more than a general allegation of jurisdiction

(and made a *prima facie* case of jurisdiction).  *See* Rizzolo Decl. ¶¶ 6-14. The facts regarding the

details of the relationship between SGL SE and SGL LLC (*e.g.*, which SGL entity recognizes

revenue from the sale of AMEC wafer carriers), are particularly within Defendants' knowledge.

*Id.* ¶¶ 6-9.  Defendants have refused to provide any discovery regarding personal jurisdiction

beyond Mr. Henseler's self-serving declaration, and in fact rejected Veeco's proposal to dismiss

SGL SE without prejudice as long as SGL LLC would not rely on SGL's corporate structure to

refuse producing responsive discovery.  Ex. 17 at *1.  Defendants' rejection of Veeco's

reasonable request demonstrates that its statement that Veeco would not be prejudiced by the

dismissal of SGL SE (Motion at 24) is false.

In weighing motions to dismiss on personal jurisdiction issues, courts in this Circuit

typically grant discovery on similar facts.  *See Mahfouz*, 489 F.3d at 550 n.6; *Gualandi*, 385 F.3d

at 244.  Contrary to SGL's claim, the parties have *not* conducted any jurisdictional discovery.

Veeco's deposition of SGL LLC's sole fact witness (an employee of neither SGL LLC nor SGL

SE) was a *personal* deposition limited to the scope of the witness's declaration supporting SGL

LLC's opposition to Veeco's motion for a preliminary injunction; any overlap with jurisdictional

issues was incidental.  Stipulation Regarding Depositions of Declarants ("Stip") at 2, dated Aug.

1, 2017, ECF No. 28; ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████     Moreover, the witness ████████████████████████████

23

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

███████████████████████████████████████████████████████ and lacks

personal knowledge of the facts prior to his first employment, Henseler Decl. ¶ 2.

### G.   There Is No Improper Group Pleading—The FAC Sufficiently Provides Fair Notice To Both SGL Carbon, LLC And SGL Carbon SE

Fed R. Civ. P. 8(a) is satisfied where allegations are pled with sufficient specificity such that "each individual defendant is on notice of the particular claims asserted against it and the grounds for such claims." *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 2:15-cv-6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017). Rule 8(a) does not prohibit referring to defendants collectively where "the complaint alerts defendants that identical claims are asserted against each" based on factual allegations of ownership and control. *Id.* at *8 (citing *Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.,* No. 13-CV-7639, 2015 WL 4040882, at *4 (S.D.N.Y. July 2, 2015).

The FAC, like the complaint found to be appropriate in *Canon*,[8] asserts identical claims against each of SGL SE and SGL LLC. *See, e.g.*, FAC ¶¶ 34, 44. The FAC further pleads numerous facts sufficient to support a reasonable inference that SGL SE controls the activities of SGL LLC. *See* FAC ¶¶ 9-10; *see also* § III(F)(1), *supra*. It is clear that Veeco alleges that SGL LLC—as the entity that conducts all of SGL SE's business in the U.S.—is the entity that performs all of the infringing activities, and that SGL SE is jointly and severally liable for SGL LLC's infringement. *See* FAC ¶¶ 9-10, 15, 18, 27-42. Thus, Defendants' argument that they have not been given fair notice of the allegations against each entity is utterly without merit.

*Automated Transactions*,[9] relied on by SGL, Motion at 16, is distinguishable: there, both defendants (a parent and subsidiary) were U.S. entities, and it was not apparent from the face of

---

[8] *See* Am. Compl., ¶¶ 19-22 *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 2:15-CV-6015 DRHAYS, (E.D.N.Y. Sept. 29, 2017), ECF No. 62-2.
[9] *Automated Transactions LLC v. N.Y. Cmty. Bank*, No. 12-cv-3070-JS, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013).

CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION

the complaint which entity was allegedly responsible for which infringing activities.  Complaint, *Automated Transactions LLC v. New York Cmty. Bank*, No. 12-cv-2070-JS, (E.D.N.Y. June 20, 2012), ECF No. 1.  That is not the case here, where there is no doubt that all of the allegedly infringing activities in the United States were undertaken by SGL LLC.  Furthermore, in *Automated Transactions*, the complaint-at-issue did *not* allege facts regarding the relationship between the parties, *id*. ¶ 3, in stark contrast with the numerous factual allegations in the FAC regarding SGL SE's direction and control of SGL LLC.  *See* FAC ¶¶ 9-10.

Indeed, Courts routinely deny motions to dismiss based on the theory of improper group pleading where, as here, the allegations made in the complaint provide fair notice to the individual defendants.[10]  The clarity of the allegations in Veeco's FAC is further demonstrated by the fact that Veeco filed a motion for a preliminary injunction directed solely to SGL LLC—thus, SGL cannot dispute that, at least with respect to the '769 Patent, it is fully aware that SGL LLC is alleged to have committed the infringing acts.

SGL's "improper group pleading" argument is therefore nothing more than a futile attempt to dismiss the entirety of the FAC, and should be rejected.

IV.    CONCLUSION

For the foregoing reasons, Veeco respectfully requests that the Court deny SGL's Motion to Dismiss.


Dated:  October 30, 2017

                                        VEECO INSTRUMENTS INC.

---

[10] *See e.g.* Order Den. Mot.to Dismiss at *5, *RAB Lighting Inc. v. ABB lighting, Inc.*, No. 16-cv-3026-AKH, (S.D.N.Y. Sept. 26, 2016) ECF 66. (denying motion to dismiss based on group pleading and finding plaintiff's factual allegations sufficient to "put each defendant on sufficient notice of the charges against it"); *BK Jewellery v. Kiran Gems Pvt. Ltd.*, No. 15 CV 2333 (LAP), 2015 WL 10990114, at *1 (S.D.N.Y. Nov. 13, 2015); *H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*, No. 3-16-cv-00480 (BEN-WVG), 2016 WL 7439355, at *4 (S.D. Cal. Dec. 21, 2016).

25

**CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

By its attorneys,


*/s/ Andrew N. Thomases* _____

Steven Pepe
Cassandra B. Roth
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Andrew N. Thomases (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Fl.
East Palo Alto, CA, 94303
(650) 617-4000

Matthew J. Rizzolo (*pro hac vice*)
Andrew J. Sutton (*pro hac vice*)
Ropes & Gray LLP
2099 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 508-4600

**CONTAINS VEECO HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on October 30, 2017, in accordance with Judge Chen's Individual Practices and Rules § 3(D), the foregoing document was served by email as agreed upon by the parties, upon the following parties and participants:

      David Radulescu, Ph.D.
      Robin Davis
      Tigran Vardanian
      Daniel Kesack
      Chunmeng Yang
      RADULESCU LLP
      350 Fifth Avenue, Suite 6910
      New York, New York 10118
      david@radip.com
      robin@radip.com
      daniel@radip.com
      tigran@radip.com
      chunmeng@radip.com
      SGL-Veeco-
      Service@radip.com

Dated: New York, NY
       October 30, 2017

                   */s/ Jae Woo Park*
                    Jae Woo Park